OPINION AND ORDER

ROBERT N.CLINTON, Associate Justice.
On December 2, 2010, the Villages of Mishongnovi and the First Mesa Villages (collectively referred to here as the Villages) petitioned this Court, pursuant to Hopi Tribal Ordinance 21, § 1.2.8(a), to decide certified questions of law related to Hopi Tribal Council Resolution H-53-2010 and Article III, Section 2 of the proposed new Hopi Constitution that the referenced Tribal Council Resolution sought to place before the people of the Hopi Tribe for adoption.
On December 22, 2010, Chairman Leroy N. Shingoitewa of the Hopi Tribe, through his counsel Robert J. Lyttle, sought to participate in this proceeding and filed a Motion to Dismiss, or Alternatively, Motion to Remand, and Brief in Support. Mr. Lyttle’s appearance is noted for the record and Chairman Shingoitewa is granted leave to participate and the Court hereby considers his Motion.
Unlike the situation in Matter of the Certified Questions of Law Re: Village Authority to Remove Tribal Council Representatives, Appellate Case No. 2008-AP-OOOl (Hopi Ct.App. Feb. 11, 2010), the legal issues which the Villages seek to resolve in this proceeding do not arise out of any real pending set of facts or actual dispute that could constitute a real case or controversy. Rather, the Villages are concerned about the possible effects of a proposed constitutional change found in a draft of a proposed Constitution that has not even been approved by the people of *365 the Hopi Tribe or, at the time the Petition was filed, placed before them in a Secretarial election to amend the current Hopi Constitution. The questions the Villages seek to have resolved would arise if and only if the Hopi electorate approves the proposed Constitution, the proposed Constitution enters into effect, and Article III, Section 2 of the proposed Constitution is interpreted by some Hopi tribal authority to have the effect that the Villages fear. Obviously, none of these feared events have yet happened or may even imminently occur. In fact, they may never occur. Prior to all of the previously mentioned events occurring, the concerns expressed by the Villages, while important, may constitute political reasons for some to oppose the proposed Constitution but they have certainly have not ripened into legal issues ready for judicial action. Thus, the Villages concerns at this point are at best conjecture and for that reason the issues they present for decision are not ripe.
The Court also notes that the Villages did not asked this Court to enjoin the secretarial election called for by Hopi Tribal Council Resolution H-53-2010 and that this Court has no power in the context of a request to answer a Certified Question of Law to grant any such relief.
This Court’s authority to entertain certified questions of law under Hopi Tribal Ordinance 21, § 1.2.8(a) is discretionary and does not give this Court broad authority to entertain and resolve questions of law that have not arisen in actual cases or controversies that are not yet fully ripe for decision. For this reason, this Court has decided that the questions presented by the Villages have not sufficiently matured to the point of an actual case or controversy and their legal claims therefore are not ripe. Consequently, this Court declines to exercise its jurisdiction under Hopi Tribal Ordinance 21, § 1.2.8(a) in this matter and grants Chairman Shingoitewa’s Motion to Dismiss. The Petition to resolve Certified Questions of Law in this matter therefore is dismissed.